UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ROBERT DANFORD, | Case No. 6:25-cv-02064-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COLBY J.A. OSBORNE, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Robert Danford brings this action against Defendant Colby J.A. Osborne. Before the Court are Plaintiff's Application for Leave to Proceed *In Forma Pauperis* ("IFP") and Motion for Appointment of *Pro Bono* Counsel. ECF Nos. 2, 3. Because Plaintiff has minimal income and assets, the Court grants Plaintiff's Application for Leave to Proceed IFP. However, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint is dismissed with leave to amend. Plaintiff's Motion for Appointment of *Pro Bono* Counsel is denied.

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

(B) the action or appeal–

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Hejazi v. United States*, No. 20-35248, 2021 WL 6103104, at *1 (9th Cir. Dec. 22, 2021).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Complaints filed by self-represented plaintiffs "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although

> a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual

allegations must be enough to raise a right to relief above the speculative level[.]

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). When assessing the sufficiency of a civil complaint, a court must distinguish factual contentions that allege behavior on the part of the defendant which, if true, would satisfy one or more elements of the claim asserted from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

## DISCUSSION

### I.    Failure to State a Claim

Plaintiff alleges his claim is one for "copyright," but he provides no description of the factual basis for his claim or facts that plausibly state a claim for relief. Rather, in the section of the Complaint titled "Statement of the Claim," Plaintiff merely writes that Defendant "stole my work and used it as his own." Compl. 3, ECF No. 1. "To state a claim for copyright infringement, a plaintiff must plead two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Collier v. McKay*, 761 F. Supp. 3d 1300, 1308 (C.D. Cal. 2025) (quoting *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)). "Copying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). "Put differently, '[t]he second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful appropriation.'" *Id.* (quoting *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (citation omitted)). Plaintiff, therefore, has

failed to state a claim for copyright infringement. Accordingly, the Court dismisses the Complaint and gives Plaintiff leave to amend to state a claim.

## II.    Motion for Appointment of Pro Bono Counsel

Plaintiff moves the Court for appointment of counsel. There is generally no constitutional right to counsel in a civil case and a court may not "authorize [the] appointment of counsel to involuntary service." *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent any person unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate their claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The Court finds exceptional circumstances do not exist sufficient to justify appointment of counsel at this time. Given the problems with the Complaint, identified above, the Court is unable to draw any conclusions regarding Plaintiff's likelihood of success on the merits or his ability to articulate his claims. The Court, therefore, finds that it is premature to grant Plaintiff's request for appointment of counsel. Plaintiff has leave to renew his motion at a later time. Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-

yourself. Additionally, while the Court expresses no endorsement of these resources, Plaintiff

may seek assistance through the Federal Bar Association's free Law Clinic program,

https://oregonfederalbarassociation.org/federal-law-clinic, or a legal services provider listed on

the Oregon Legal Aid Directory, https://oregonlawhelp.org/find-legal-help.

## CONCLUSION

For the reasons explained above, Plaintiff's Application to Proceed *in Forma Pauperis*

(ECF No. 2) is GRANTED. However, the Complaint is DISMISSED with leave to amend to

cure, if possible, the deficiencies outlined above. Should Plaintiff wish to amend his Complaint,

such amended complaint is due within 30 days of the date of this Opinion and Order. Plaintiff's

Motion for Appointment of *Pro Bono* Counsel (ECF No. 3) is DENIED with leave to renew.

DATED this 19th day of November 2025.


s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge